IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, § § § § § § § § §<br>    *Plaintiff,*<br><br>v.<br><br>WAZE, INC.,<br>    *Defendant.* | Civil Action No. 2:13-cv-463<br><br>Jury Trial Demanded |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LBS Innovations, LLC files this Complaint against Waze, Inc. and alleges as follows.

## PARTIES

1. Plaintiff LBS Innovations, LLC ("LBSI") is a Texas Limited Liability Company with its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2. Upon information and belief, Defendant Waze, Inc. ("Waze") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 240 Hamilton Ave., Palo Alto, California 94301. Waze may be served with process through its registered agent CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) is engaged in continuous and systematic activities in the State of Texas; and/or (b) has committed acts of infringement in the State of Texas as alleged below. Therefore, this Court has personal jurisdiction over the Defendant under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

7. On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 ("the '956 Patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

8. LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

1.      Defendant Waze has been and now is directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems such as (1) the computer implemented website http://www.waze.com/, which has a mapping interface at http://www.waze.com/livemap/ ("Live Map") and (2) the mobile application, which has a location interface available at https://itunes.apple.com/app/waze-%C2%AD%E2%80%90social-%C2%AD%E2%80%90gps-%C2%AD%E2%80%90maps-%C2%AD%E2%80%90traffic/id323229106?amp%3Bamp%3Bmt=8&mt=8 ("Waze App.").

2.      In addition and/or in the alternative, Waze has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing users of Live Map and the Waze App. ("End Users") to directly infringe the '956 Patent through their use of the infringing instrumentalities.  Waze induces such infringement by at least making its website and application available to End Users and providing links and/or other directions on its website, mobile application stores, and/or the internet for End Users to visit, download, and/or use its location information computer systems.

3.      For example, but not as a limitation, Waze makes the Waze App. available for download on its website www.waze.com as well as from third party mobile application software sources, such as iTunes and Apple Inc.'s App Store.  End Users of the Waze App. may contribute to the Waze location information computer systems either passively by choosing to leave the Waze App. open while driving or actively by reporting accidents, hazards, police, road closures, and other events.  End Users may receive alerts of such events or conditions, and select items representing such events or conditions to obtain additional information associated with

such events or conditions. End Users may also receive, for example, items identifying gas stations along a given route, and select one or more of such gas stations to obtain additional information associated with such gas stations, such as real-time gas prices of a selected gas station. By way of further example, but not as a limitation, the Waze Live Map is available to End Users through the internet at www.waze.com/livemap and does not require additional application or software download.

4. Waze engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces End Users to directly infringe the '956 Patent.

5. As a direct and proximate consequence of the acts and practices of the Defendant in infringing, directly and/or indirectly, one or more claims of the '956 Patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

6. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

## DEMAND FOR JURY TRIAL

7. LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1. Defendant has infringed the patent-in-suit;

2. Defendant accounts for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendant's patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 5, 2013                    Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:    */s/ Christopher M. Joe*
       Christopher M. Joe (Lead Counsel)
       State Bar No. 00787770
       Chris.Joe@BJCIPLaw.com
       Eric W. Buether
       State Bar No. 03316880
       Eric.Buether@BJCIPLaw.com
       Brian A. Carpenter
       State Bar No. 03840600
       Brian.Carpenter@BJCIPLaw.com
       Niky Bukovcan
       State Bar No. 24078287
       Niky.Bukovcan@BJCIPLaw.com
       Michael D. Ricketts
       State Bar No. 24079208
       Mickey.Ricketts@BJCIPLaw.com

       1700 Pacific Avenue
       Suite 4750
       Dallas, Texas 75201
       Telephone:   (214) 466-1272
       Facsimile:   (214) 635-1828

       **ATTORNEYS FOR PLAINTIFF
       LBS INNOVATIONS, LLC**