# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WAZE, INC., § <br> § <br> Defendant. § | Civil Action No. 2:13-cv-463 <br> Jury Trial Demanded |

### DEFENDANT WAZE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant Waze, Inc. ("Waze") answers the Complaint of Plaintiff LBS Innovations, LLC ("Plaintiff") as follows:

### THE PARTIES

1. Waze is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

### WAZE

2. Waze admits that Waze, Inc. is a Delaware corporation. Waze's principal place of business is 1600 Amphitheatre Parkway, Mountain View, CA 94043. Waze admits that it has been served with process in this action. Waze denies any remaining allegations of paragraph 2.

### JURISDICTION AND VENUE

3. Waze admits that this action invokes the United States patent laws.

4. Waze admits that this Court has subject matter jurisdiction over patent law claims. Waze denies any remaining allegations of paragraph 4.

5. Waze does not contest personal jurisdiction in this District solely for the purpose of this action. Waze specifically denies that it has committed any acts of infringement within the State of Texas, the Eastern District of Texas, or any other District. To the extent the remaining allegations of paragraph 5 are directed at Waze, they are denied.

6. Waze admits that venue is proper in the Eastern District of Texas for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). To the extent the remaining allegations of paragraph 6 are directed at Waze, they are denied.

**PATENTS-IN-SUIT**

7. Waze admits that what appears to be a copy of United States Patent No. 6,091,956 ("the '956 Patent") is attached as an exhibit to Plaintiff's Complaint and that, on its face, the '956 Patent is entitled "Situation Information System" and issued on July 18, 2000. To the extent the remaining allegations of paragraph 7 are directed at Waze, they are denied.

8. Waze is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

**COUNT ONE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,091,956**

9. Waze incorporates by reference its responses to the allegations of paragraphs 1-8 above.

10. Waze denies the allegations in paragraph 1 of Plaintiff's Claim 1 as they relate to Waze, and specifically denies that it has committed any acts of infringement. Waze admits that it makes its website and application available to the public. Waze is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of Plaintiff's Claim 1, and therefore denies them.

11. Waze admits that it makes its website and application available to the public. Waze denies any remaining allegations of paragraph 2 of Plaintiff's Claim 1.

12. Waze admits that it makes its website and application available to the public. Waze further admits that users may submit information to Waze concerning traffic and related information and receive certain information, including regarding gasoline stations. Waze denies any remaining allegations of paragraph 3 of Plaintiff's Claim 1.

13. Waze denies the allegations of paragraph 4 of Plaintiff's Claim 1.

14. Waze admits that there are no claims asserted against it for any period in which it is a joining affiliate of Google Inc. Waze is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of Plaintiff's Claim 1, and therefore denies them.

15. Paragraph 6 of Plaintiff's Claim 1 is a legal conclusion to which no response is required. To the extent any allegations are included in paragraph 6 of Plaintiff's Claim 1, Waze denies these allegations.

### RESPONSE TO DEMAND FOR JURY TRIAL

16. Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Waze is not required to respond. To the extent that any allegations are included in the demand, Waze denies these allegations.

### RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Waze denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Waze alleges and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Waze specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense – No Patent Infringement

1. Waze does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '956 Patent (the "Patent-in-Suit").

### Second Defense – Patent Invalidity

2. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

3. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

4. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

5. The claims of the Patent-in-Suit are invalid and unenforceable for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### Third Defense – License

6. Waze has a license to practice the Patent-in-Suit.

**Fourth Defense – Limitation on Patent Damages**

7. Plaintiff's claim for damages, if any, against Waze for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

| | |
|---|---|
| Dated:  February 3, 2014 | By:  */s/ Sean M. Callagy*<br>Michael A. Berta<br>michael.berta@aporter.com<br>Sean M. Callagy<br>State Bar No. 24062645<br>sean.callagy@aporter.com<br>ARNOLD &PORTER LLP<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111<br>Telephone:  (415) 471-3100<br>Facsimile:  (415) 471-3400<br>michael.berta@aporter.com<br><br>J. Mark Mann<br>State Bar No. 12926150<br>G. Blake Thompson<br>State Bar No. 24042033<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>Telephone:  (903) 657-8540<br>Facsimile:  (903) 657-6003<br><br>*Attorneys for Defendant Waze, Inc.* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **ANSWER OF DEFENDANT WAZE INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th day of February, 2014.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

*/s/ Sean M. Callagy*
Sean M. Callagy